We'll now move to Appeal 21-1566, Osicka v. Office of Lawyer Regulation. And we'll begin with argument for the appellant, Mr. Burnett. May it please the court, I'm George Burnett. I represent Tim Osicka in this matter. I think the place to begin in this case is really the statute that we're here about. As the court's well aware, this is a case about whether Section 523A.7 of the Bankruptcy Code permits the discharge of some costs that the OLR assessed against Mr. Osicka. There are two issues that I want to address in that statute, and in the course of the argument, I would hope to explain to this court why I don't think Kelly and the Zarensky case out of this court would control this decision. The first question in the statute is whether or not the assessment of costs is a fine, penalty, or forfeiture. And the second question is, even if it is a fine, penalty, or forfeiture, is it compensation to the OLR for an actual pecuniary loss? Because it is that second question that I think is primarily dispositive here, and I think it also dovetails with the Zarensky case. I'd like to discuss that first. The short answer to the question, is it compensation for an actual pecuniary loss, is really in the arithmetic. The OLR assessed, the Supreme Court assessed $12,500.64, to the penny what the OLR spent in Osicka. The OLR says, well that really wasn't compensation for an actual pecuniary loss, and you didn't explain quite well enough how it is. So the explanation is simple. Before the OLR began its prosecution of Mr. Osicka, they had $12,500.64 more than they had after the prosecution. That is a loss, and it's a pecuniary loss. The court addressed a similar question in Zarensky, and after an explanation, the court said, you know, we really don't think this is a loss, because this is something the government has to do. In Zarensky, it was a criminal prosecution for negligent homicide arising from a car accident. And the court said, whenever the government stands in its official capacity, it's not really a loss, it's not really an expenditure, it is the government doing their duty. The problem with that is several fold. Number one, there is no such exception in the statute. This court has said many times, the U.S. Supreme Court has said many times that courts don't import concepts, thoughts, improvements onto the bankruptcy code, or any statute for that exception that the Congress never put in. And it's more troubling than that, because effectively what it does is it eliminates an entire passage in the statute. I cannot think of a situation where there is a fine, penalty, or forfeiture that the government doesn't impose as a consequence of its duty. And if that is the case, how is it possible that reimbursing those expenditures will ever be compensation for an actual pecuniary loss? In other words, and I'm not saying this quite articulately, but by declaring that whenever the government acts in its official capacity and imposes a fine, forfeiture, or penalty, it is not receiving compensation for an actual pecuniary loss if it happens to be reimbursed, eliminates that from the statute. Counselor, you say the standard is that courts don't import, meaning, I forget your exact language on the bankruptcy code, but what do you make of the And the bankruptcy code has not been amended since then to undo the effect of Kelly, at least in the criminal context. What I would do is I would refer the court to the Fifth Circuit's opinion in Ray Schaefer, 515F3-424. And in that opinion, the Fifth Circuit said, we recognize that Kelly has interpreted 523A7, but we believe, based on what Kelly said, that what the court really meant was it was giving credence to the historical reluctance, the federalism concerns that federal courts have always had in interfering with criminal prosecutions. This court adopted the same line of reasoning in the matter of Towers at 162F3-952. I believe it was Judge Easterbrook wrote, Kelly dealt with a criminal restitution order, and as we have mentioned, an animating concern was limited to criminal cases. The Ninth Circuit recently did the same thing in Albert Sheridan that cited in the briefs, and the Sixth Circuit did the same thing in Hughes v. Sanders, 469F3-475. Mr. Burnett, is this the only impediment from Mr. Osika getting his license back? As far as I know, yes, it is. We actually went to the Wisconsin Supreme Court first, raised the bankruptcy discharge, and received direction from the court that we should proceed to the Bankruptcy Court for a determination first. With regard to the OLR's operations, are the matters relating to investigation and prosecution of attorney misconduct, is that funded by the bar dues that all Wisconsin attorneys pay, or is that funded by a legislative appropriation or some combination? My understanding is it's funded completely by bar assessments. I think Chapter 20, I can't tell you exactly where that is in Chapter 20, but I think that's now the requirement, the rule. And that's part of the bar being a self-policing organization? Exactly. With that, Your Honor, I'd reserve the balance of my time for rebuttal. Very good. The remainder of the time, Mr. Burnett's reserved. We'll now move to argument for the appellee, Mr. Morris. Thank you, Your Honors. May it please the Court, Michael Morris from the Wisconsin Department of Justice on behalf of the State of Wisconsin Office of Lawyer Regulation. Nearly every federal court in the country that has considered this issue has concluded that attorney prosecution costs, just like Mr. Osika's, are non-dischargeable under the Bankruptcy Code Exception set forth in 523A7 for fines, penalties, and forfeitures, payable to a governmental unit and not compensation for actual pecuniary loss. In affirming the bankruptcy court, this court should follow suit. Counsel for Mr. Osika says that this court's analysis should begin and end with the statute. As Your Honor pointed out, that statute has not changed since this court considered it and interpreted it in Zarzinski, and then the U.S. Supreme Court interpreted it in Kelly v. Robinson. And what those courts concluded was that the statute is subject to interpretation. We look to the object and policy behind the bankruptcy code, and that's what we build into the analysis, not merely mechanically applying the statute. If the Supreme Court, for example, in Kelly had mechanically applied the statute, as Mr. Osika's counsel argues, then criminal restitution would be discharged today because the statute says nothing about restitution. So too with costs, the criminal costs that the county, the DA's office, expended in prosecuting the case in Zarzinski. The code section says nothing about costs, and those too would have discharged had this court mechanically applied the statute in the way that Mr. Osika's counsel suggests. Mr. Morris, is there any set of circumstances as a matter of the way it all, professional misconduct is investigated, where costs could be imposed without a finding of an awful lot in an investigation? And you brought the individual that was the subject of the investigation in, just tens of thousands of dollars invested in it. And you had a discussion and at the end of the day, you decided we're not going to bring a matter, we're not going to impose discipline. Could you nonetheless impose costs? No, Your Honor. The Supreme Court rule that authorizes the Supreme Court, that vests the Wisconsin Supreme Court with the discretion, has as a condition precedent to that discretion, finding of misconduct. Do you ever ask people to voluntarily pay costs where you've not imposed misconduct or found misconduct? I'm not aware of any such instance, Your Honor. Mr. Burnett says reading the statute or the code your way would kind of supplant or eliminate the entire rule. I'm just interested, can you think of something that would be dischargeable under this particular provision that counts as a penalty, a fine, that's payable to a government unit and that's not actual compensation? Well, certainly, Your Honor, I can think of government obligations that would be dischargeable. For example, in my line of practice in representing the state, we represent government agencies that issue loans. Those are breach of contract actions. The state lent X amount of dollars. The loans weren't paid back, so we sue. That would be compensation for pecuniary loss. And that's what the Supreme Court in Kelly, in citing to the Pellegrino bankruptcy case, was talking about when it talked about the difference between penal actions, actions that are penal in nature, like attorney prosecution costs, like criminal prosecutions, and actions where the government is merely a creditor trying to collect a debt. Mr. Morris, reading these OLR sanction opinions that ultimately end up being ruled upon by the Supreme Court, there's always a decretal language at the end that talks about how much in costs the OLR is seeking. And that figure changes almost in every case, and that figure seems to be related to the size of the case. So if there's a series of counts, it's going to be a higher figure. If there's going to be complexity between what the referee does and the Supreme Court does, there's a complexity. So there's this relationship between the costs that are assessed and the OLR's expenses in prosecuting the individual. Given that correlation, doesn't that speak to Osika's argument that the expenses, that the OLR expenses, and therefore would fall within this phrase that would be dischargeable? That's a great question, Your Honor. I think that this court's precedent speaks to that in Zarzynski. It is not in dispute that the attorney prosecution costs, like the criminal costs for prosecuting in Zarzynski, reimburse OLR for the expenses of the prosecution, just like they did in Zarzynski. But as this court in Zarzynski instructed, that is not necessarily outcome determined. What the court looks at is the purpose of the costs. In Zarzynski, the purpose was to enforce our criminal laws, which has the overarching paramount purpose of protecting the public. And that is the same overarching paramount purpose in attorney disciplinary proceedings. And we know that because it's right in the preamble to the Supreme Court rules, protection of the public, enforcing, ensuring the integrity of the attorneys is the overarching purpose. And so because that is the purpose and not necessarily OLR trying to collect money, Zarzynski teaches us that merely getting its costs awarded at the end of a successful prosecution is not compensation for pecuniary loss. And as in the criminal context, even without an award of costs, we would still prosecute crimes. So too here, even without awards of costs, the Supreme Court or state judiciaries would still have to police the bar and would do so irrespective of whether or not costs were awarded. If there are no further questions, I would rest on my briefs. Thank you, Mr. Morris. Mr. Burnett, we'll turn back to you for rebuttal. Thank you, Your Honor. A couple of Mr. Morris's answers, I think, highlight the disagreement between the two sides here. Mr. Morris indicates that if there's a higher purpose, my words not his, enforcing the law is that somehow or other this discharge statute doesn't apply. This non-discharge statute does apply. There is no such exception written in the statute. And the invitation to amend the statute in the course of judicial construction or interpretation has been roundly rejected by the Supreme Court and this court in many, many circumstances. Bostock, the case that we cite in the briefs, is one that immediately comes to mind. The example that Mr. Morris provided to your question, Your Honor, about repaying the discharge, but it wouldn't be non-dischargeable or it wouldn't be addressed by this statute because defaulting on a loan is not something that is subject to a fine, forfeiture, or penalty. This statute applies to fine, forfeitures, and penalties unless they compensate the government for what it's lost. It's that simple. There are seven reasons mentioned in the briefs that this is no penalty. Just to address a couple, costs are imposed as the size of the cost, the amount of the cost, are a consequence of the prosecution and the vigor of the defense. They are not calculated by virtue of the misconduct. The Supreme Court's rules define costs and they impose, they define imposed penalties, and neither of those mentions costs at all. Costs are not defined as a means of punishment, nor are they mentioned among the discipline the court can impose. In answer to one question, yours Judge Scudder, about whether costs can be imposed on those who have no guilt at all, the short answer is yes. In, I believe it's section 22, perhaps 21, costs are imposed upon lawyers seeking reinstatement when they are medically incapable or were medically incapable of practicing. The opinion itself doesn't pronounce these costs as a penalty. If that's what the Supreme Court intended, it would have articulated it, and I see my time is up. Thank you, Mr. Burnett. Thank you, Mr. Morris. The case will be taken under advisement.